Austin W. Anderson, austin@a2xlaw.com
(Application for Admission *Pro Hac Vice* pending)
Clif Alexander, clif@a2xlaw.com
(Application for Admission *Pro Hac Vice* pending)
ANDERSON ALEXANDER, PLLC
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone (361) 452-1279

Andrew W. Stavros (8615)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801- 893-3573
andy@stavroslaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **Cristin Born and Jessica Chauhan, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**Progrexion Teleservices, Inc.,**<br><br>**Defendant.** | **COMPLAINT**<br><br>**(PROPOSED FLSA COLLECTIVE ACTION TO 29 U.S.C. §216(b)**<br><br>**(JURY DEMAND)**<br><br>**Case No: _____**<br><br>**Judge:_____** |

Plaintiffs, Cristin Born and Jessica Chauhan bring this action individually and on behalf of all current and former hourly non-exempt call-center employees (hereinafter "Plaintiffs" or "Putative Class Members") who worked for Progrexion Teleservices, Inc. (hereinafter "Defendant" or "Progrexion"), at any time from February 13, 2017 through the final disposition

of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §216(b).

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages, liquidated damages and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.  Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who worked for Progrexion at any time from February 19, 2017 through the final disposition of this matter,

2.      Plaintiffs and Putative Class members are those similarly situated persons who have worked for Progrexion in its call centers at any time in the past three years through the final disposition of this matter and have not been paid for all hours worked nor the correct amount of overtime in violation of federal law.

3.      Specifically, Progrexion has enforced a uniform company-wide corporate policy wherein it improperly required its non-exempt hourly call-center employees—Plaintiffs and the Putative Class Members—to perform work off-the clock and without pay.

4.      Progrexion's company-wide policy has caused Plaintiffs and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5.      Although Plaintiffs and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiffs and the Putative Class Members have not been

paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6.      Progrexion has knowingly and deliberately failed to compensate Plaintiffs and the Putative Class Members for all hours worked each workweek on a routine and regular basis in the last three years.

7.      Plaintiffs and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA.

8.      Plaintiffs and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9.      Plaintiffs also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10.     Plaintiff Cristin Born is a resident of the State of Arizona. Born was employed by Progrexion during the relevant time period. Plaintiff Born did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]  Born is an employee within the meaning of 29 U.S.C. § 203(e).

11.     Plaintiff Jessica Chauhan is a resident of the State of Oklahoma. Chauhan was employed by Progrexion during the relevant time period. Plaintiff Chauhan did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours

---

[1] The written consent of Cristin Born is hereby filed as "Exhibit A."

worked in excess of forty (40) hours per workweek.[2]   Chauhan is an employee within the meaning of 29 U.S.C. § 203(e).

12.     The Putative Class Members are those current and former hourly call-center employees who were employed by Progrexion at any time (from February 19, 2017) through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

13.     Defendant Progrexion Teleservices, Inc. ("Progrexion") is a for-profit corporation whose corporate headquarters are located in Salt City Lake, Utah.

### III.
### JURISDICTION AND VENUE

14.      This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

15.     This Court has personal jurisdiction over Progrexion because it is a Utah Corporation and maintains its principal office in Salt Lake City, Utah.

16.     Venue is proper in the District of Utah because Progrexion is located in this District and Plaintiffs Goulding, Lundell, Robertson, Weimer, Linsmeier, and Robinson worked for Progrexion in this District.

### IV.
### ADDITIONAL FACTS

---

[2] The written consent of Jessica Chauhan is hereby filed as "Exhibit B."

17.     Progrexion employs more than 1,500 employees at its call centers in Utah, Idaho, Arizona, and Oklahoma. Progrexion's hourly call-center employees receive calls from Progrexion's clients and assist those clients with repairing their credit reports.[3]

18.     Upon information and belief, Progrexion is a privately-held company with call centers located in Salt Lake City, Utah; North Salt Lake, Utah; West Valley, Utah; Provo, Utah; Rexburg, Idaho; Idaho Falls, Idaho; Phoenix Arizona; and Oklahoma City, Oklahoma.

19.     Plaintiffs and the Putative Class Members' job duties consisted of handling phone calls with Progrexion's clients, answering customer inquiries, troubleshooting on behalf of customers, and generally assisting customers with matters related to their credit reports.

20.     Plaintiff Cristin Born was employed by Progrexion in customer service at its call center located in Phoenix, Arizona from approximately January 2016 until April 2019.

21.     Plaintiff Jessica Chauhan is currently employed by Progrexion in customer service at its call center located in Oklahoma City, Oklahoma from approximately June 2016 to the present.

22.     Plaintiffs and the Putative Class Members are non-exempt call-center employees who were (and are) paid by the hour.

23.     Plaintiffs and the Putative Class Members work approximately forty (40) "on-the-clock" hours per week.

24.     In addition to their forty (40) "on-the-clock" hours, Plaintiffs and the Putative Class Members often work up to two and a half hours "off-the-clock" per week and are not compensated for that time.

---

[3] https://www.progrexion.com.

25.     Plaintiffs and the Putative Class Members have not been compensated for all the hours they worked for Progrexion as a result of Progrexion's corporate policy and practice of requiring all hourly call-center employees to be ready to take their first phone call the moment their official shift starts.

26.     Specifically, Plaintiffs and the Putative Class Members are required to start and log-in to their computer, open multiple different Progrexion computer programs, log in to each Progrexion program, and ensure that each Progrexion program is running correctly—all of which can take up to thirty minutes—before they are able to take their first phone call, which comes in as soon as their official shift starts.

27.     During this start up time, Plaintiffs and the Putative Class Members were not compensated although they were expected to have completed this process in advance of their official start time.

28.     Progrexion required Plaintiffs and the Putative Class Members to be ready to accept their first customer call at the moment the employee's official shift starts. As such, Progrexion required (and continues to require) that Plaintiffs and the Putative Class Members perform these start up tasks "off-the-clock" (and without pay) before their official shift begins.

29.     During this start up time, Plaintiffs and the Putative Class Members were not compensated although Plaintiffs and the Putative Class Members were expected to have completed this process in advance of Plaintiffs and the Putative Class Members official "on the clock" start time.

30.     In addition, the Plaintiffs and the Putative Class Members hourly wages, Plaintiffs and the Putative Class Members would receive non-discretionary bonuses. These non-discretionary bonuses were not factored into Plaintiffs and the Putative Class Members regular

rate of pay, thereby causing a miscalculation of their regular rate of pay for purposes of overtime compensation.

31.     Moreover, Plaintiffs and the Putative Class Members worked weeks wherein the commission payments were greater than the hourly "draw." During those weeks, Plaintiffs and the Putative Class Members were not paid by the hour and did not receive any overtime for hours worked over forty, but were instead misclassified as exempt and paid only commissions.

32.     As a result, Plaintiffs and the Putative Class Members have not been compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

33.     Progrexion has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiffs.

34.     Progrexion is aware of its obligation to pay for all hours worked and overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members but has failed to do so.

35.     Because Progrexion did not pay Plaintiffs and the Putative Class Members time and a half for all hours worked and overtime for all hours worked in excess of forty (40) each week, Progrexion's pay policies and practices violated (and continue to violate) the FLSA.

36.     On December 7, 2019 Plaintiff's Counsel filed an Original Petition in the United States District Court for the District of Arizona; Cause of Action No. 2:18-cv-04541-DMF.

37.     On February 13, 2019 Progrexion filed a Motion to Compel Arbitration.

38.     On July 2, 2019, United States District Judge Dominic W. Lanza for the District of Arizona granted Progrexion's Motion to Compel Arbitration.

39.     From August 2019 until September 2019 the parties prepared to mediate this matter and on November 15, 2019, the Parties attended Mediation, which ended with no resolution.

40.     On November 15, 2019, after it became apparent that a resolution would not be reached, Plaintiffs' counsel emailed a current list of clients to Progrexion, in order to obtain arbitration agreements to be filed with the American Arbitration Association.[4] As of November 15, 2019, Plaintiffs requested arbitration agreements for 108 individuals.

41.     While some arbitration agreements were produced, a number remain outstanding.[5]

42.     On December 3, 2019, Plaintiff's Counsel sent a second email to Progrexion requesting that the outstanding Arbitration Agreements be produced so that those individuals could proceed in arbitration.[6]

43.     On December 5, 2019, Progrexion sent eleven (11) Arbitration Agreements to Plaintiff's Counsel.[7] At that time, 37 agreements remained outstanding.

44.     On December 10, 2019 Plaintiff's Counsel sent a third email to Progrexion requesting the outstanding Arbitration Agreements.[8] And on December 13, 2019 Plaintiff's Counsel sent a reminder email to Progrexion to produce the outstanding Arbitration Agreements[9]

_____

[4] See Exhibit C

[5] The individuals for whom Defendant provided arbitration agreements have had their claims filed in arbitration.

[6] See Exhibit D

[7] See Exhibit E

[8] See Exhibit F

[9] See Exhibit G

45.     On December 13, 2019, while sending a fourth email requesting Progrexion to produce the outstanding arbitration agreements, Plaintiffs' Counsel asked Progrexion to agree to toll the statute of limitations for those individuals whose arbitration agreements were outstanding, while Plaintiff's Counsel waited on the production of the remaining Arbitration Agreements.[10]

46.     On December 13, 2019, Progrexion produced another eleven (11) Arbitration Agreements, but did not respond to Plaintiffs' counsel's suggestion on tolling the statute of limitations.[11] At that time, 31 arbitration agreements remained outstanding

47.     On December 19, 2019 Plaintiffs sent an email to Progrexion with an updated list of individuals missing Arbitration Agreements, and again requested a response to the suggestion that the statute of limitations be tolled for those individuals waiting on their arbitration agreements to proceed in the arbitral forum.[12]

48.     On December 20, 2019, Progrexion produced another twelve (12) Arbitration Agreements and again failed to respond to the suggestion that the statute of limitations be tolled for those individuals waiting on the production of their arbitration agreements.[13]

49.     On December 20, 2019, Plaintiff's counsel reached out to Progrexion to ask again if the statute of limitations could be tolled until Plaintiffs received all the Arbitration Agreements.[14] Again, no response was received.

---

[10] See Exhibit H

[11] See Exhibit I

[12] See Exhibit J

[13] See Exhibit K

[14] See Exhibit L

50.    From November 15, 2019 until December 20, 2020 Plaintiffs' Counsel filed ninety-five (95) Arbitration Demands.

51.    As of the date of this filing, twenty-one (21) Arbitration Agreements remained outstanding. Because those Arbitration Agreements were not timely produced, and because their statutes of limitations continued to run on their valuable and viable claims, Plaintiffs filed this lawsuit.

52.    The table below indicates the first time that each Arbitration Agreement was requested.

| Name | Date Notified |
|------|---------------|
| Born, Cristin | 11/13/19 |
| Chauhan, Jessica | 11/13/19 |
| Goulding, Gary | 11/13/19 |
| Johnson, Nicole | 11/13/19 |
| Lundell, Matthew | 11/13/19 |
| Murphy, Kristen | 11/13/19 |
| Preston, Gary | 11/13/19 |
| Robertson, Janet | 11/13/19 |
| Triana, Aja | 11/13/19 |
| Weimer, Mark | 11/13/19 |
| Whittaker, Haley | 11/13/19 |
| Amuso, Andrew | 11/15/19 |
| Harper, Christopher | 12/3/19 |
| Jackson, Shanell | 12/3/19 |
| McNeal, Kayla | 12/3/19 |
| Hilterbran, Kimberly | 12/19/19 |
| Linsmeier, Joseph | 12/19/19 |

53.     As of the date of this filing, Progrexion has not produced the Arbitration Agreement for any Plaintiff in this action despite repeated requests for the same.

54.     As of the date of this filing, Progrexion hasnot agreed to toll the statute of limitations and because Progrexion has not agreed to toll the statute of limitations, Plaintiffs claims are running.

## V.
### FIRST CAUSE OF ACTION
### (VIOLATION OF FLSA)

**A.      FLSA COVERAGE**

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     The FLSA Collective is defined as:

**ALL HOURLY CALL-CENTER EMPLOYEES WHO WERE EMPLOYED BY PROGREXION TELESERVICES, INC., ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM FEBRUARY 19, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

57.     At all times hereinafter mentioned, Progrexion has been an employer within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

58.     At all times hereinafter mentioned, Progrexion has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

59.     During the respective periods of Plaintiffs and the FLSA Collective Members' employment by Progrexion, these individuals have provided services for Progrexion that involved interstate commerce for purposes of the FLSA.

60.     In performing the operations hereinabove described, Plaintiffs and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

61.     Specifically, Plaintiffs and the FLSA Collective Members have been non-exempt hourly call-center employees of Progrexion who assisted customers who live throughout the United States. 29 U.S.C. § 203(j).

62.     At all times hereinafter mentioned, Plaintiffs and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

63.     The proposed class of similarly situated employees, i.e., FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 70.

64.     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Progrexion.

**B.      FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

65.     Progrexion has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–7, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all hours worked and

overtime for all hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

66.     Moreover, Progrexion knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over 40 each week. 29 U.S.C. § 255(a).

67.     Progrexion knew or should have known its pay practices were in violation of the FLSA.

68.     Progrexion is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

69.     Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Progrexion to pay them according to the law.

70.     The decisions and practices by Progrexion to not pay for all hours worked and the proper amount of overtime for all hours worked over 40 each week was neither reasonable nor in good faith.

71.     Likewise, the decision and practice by Progrexion to misclassify Plaintiffs and the Putative Class Members from the overtime provisions of the FLSA was neither reasonable nor in good faith.

72.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) hours each week pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     COLLECTIVE ACTION ALLEGATIONS**

73.     All previous paragraphs are incorporated as though fully set forth herein.

74.     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Progrexion's employees who have been similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

75.     Other similarly situated employees of Progrexion have been victimized by Progrexion's patterns, practices, and policies, which are in willful violation of the FLSA.

76.     The FLSA Collective Members are defined in Paragraph 70.

77.     Progrexion's failure to pay Plaintiffs and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Progrexion, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

78.     Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

79.     The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

80.     All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime for all hours worked over forty (40) hours each week.

81.     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

82.     Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Progrexion will retain the proceeds of its violations.

83.     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

84.     Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 70 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

85.     Plaintiffs respectfully pray for judgment against Progrexion as follows:

a.      That this Court declare, adjudge and decree that this action is a proper collective action and certify the FLSA Collective as defined in paragraph 91 and in the Complaint under 29 U.S.C. § 216;

b.      That this Court designate the Plaintiffs as Class Representatives and their counsel as Class Counsel;

c.      That this Court enter a judgment against Progrexion finding them liable for violations of the FLSA as alleged in this complaint;

d.      For an Order pursuant to Section 16(b) of the FLSA finding Progrexion liable for unpaid back wages due to Plaintiffs (and those who FLSA Collective Members have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

e.      For an Order tolling the Statute of Limitations on Plaintiffs claims from the date the Original Lawsuit was filed in the United States District Court of Arizona on December 7, 2018.

f.      For an Order awarding the costs of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

i.      For an Order awarding Plaintiffs a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Progrexion, at Progrexion's expense; and

k.      For an Order granting such other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs hereby respectfully request a trial by jury on all issues triable of right by jury.

DATED this 19th day of February, 2020.

/s/      **Andrew W. Stavros**
Andrew W. Stavros
STAVROS LAW P.C.
*Attorneys for Plaintiffs*


/s/ *Clif Alexander*
Clif Alexander
Austin W. Anderson
**ANDERSON ALEXANDER, PLLC**
*Attorneys for Plaintiffs*
*(Pro Hac Vice Admissions Pending)*