IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CRISTIN BORN and JESSICA CHAUHAN, individually and on behalf of all others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>PROGREXION TELESERVICES, INC.,<br><br> Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00107<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

 Plaintiffs Cristin Born and Jessica Chauhan filed this putative collective class action against Defendant Progrexion Teleservices, Inc., alleging violations of the Fair Labor Standards Act of 1938 (FLSA). Before the court are Plaintiffs' Motion for Equitable Tolling,[1] Progrexion's Motion for Summary Judgment,[2] and Plaintiffs' Motion for Conditional Class Certification.[3] For the reasons explained below, Plaintiffs' Motion for Equitable Tolling is DENIED, Progrexion's Motion for Summary Judgment is GRANTED, and Plaintiffs' Motion for Conditional Class Certification is DENIED as moot.

## BACKGROUND

 On February 19, 2020, Plaintiffs filed this putative collective class action against Progrexion, alleging violations of the FLSA related to unpaid overtime wages.[4] In the

---

[1] Dkt. 57.

[2] Dkt. 21.

[3] Dkt. 37.

[4] Dkt. 2.

1

subsequent months, numerous opt-in plaintiffs filed consents to join this litigation, including Mark Weimer.[5]

Progrexion filed two Motions to Compel Arbitration,[6] which the court granted.[7] Progrexion also filed a Motion to Dismiss,[8] which the court granted in part and converted in part to a Motion for Summary Judgment.[9] The court's orders had the collective effect of dismissing the claims of both Plaintiffs and all opt-in plaintiffs, with the exception of Weimer. Thus, Weimer is the only remaining plaintiff in this action.

Before the court now are three motions. First, Plaintiffs' Motion for Equitable Tolling.[10] Second, the portion of Progrexion's Motion to Dismiss that was converted to a Motion for Summary Judgment.[11] And third, Plaintiffs' Motion for Conditional Class Certification.[12]

## ANALYSIS

The three motions before the court are all interrelated. Because Progrexion's Motion for Summary Judgment depends on the resolution of Plaintiffs' Motion for Equitable Tolling, the court begins there, concluding that equitable tolling is not warranted in this case. Because equitable tolling is not available, the court next concludes that Weimer's claims are untimely and summary judgment is granted in Progrexion's favor on those claims. Finally, because no

---

[5] *See* dkt. 9; dkt. 14; dkt. 17; dkt. 48.

[6] Dkt. 20; dkt. 50.

[7] Dkt. 59; dkt. 60.

[8] Dkt. 21.

[9] Dkt. 59. Specifically, the court converted the motion to dismiss into a motion for summary judgment as it related to Progrexion's argument that Weimer's claims were untimely. Dkt. 59 at 25.

[10] Dkt. 57.

[11] Dkt. 20.

[12] Dkt. 37.

plaintiffs remain in this action after the dismissal of Weimer's claims, Plaintiffs' Motion for Conditional Class Certification is denied as moot.

### I. PLAINTIFFS' MOTION FOR EQUITABLE TOLLING

On August 10, 2020, Plaintiffs filed a Motion for Equitable Tolling, asking the court to equitably toll the claims of every plaintiff in this action.[13] On August 11, 2020, and August 14, 2020, the court issued two orders compelling arbitration, which had the effect of dismissing all plaintiffs from this action except Weimer.[14] As a result, the Opposition and Reply memoranda to Plaintiffs' Motion address the issue of equitable tolling only as it relates to Weimer.[15]

Plaintiffs argue Weimer's claims should be equitably tolled because Progrexion's delay in producing arbitration agreements lulled Weimer into inaction and prevented him from timely asserting his rights under the FLSA.[16] Progrexion responds that it did not prevent Weimer from filing his FLSA claims in this court and therefore equitable tolling is not appropriate.[17] Having considered the parties' arguments, the court concludes Weimer's claims are not subject to equitable tolling.

In FLSA collective class actions, the statute of limitations continues to run for each putative class member until he files his written consent to join the action.[18] Although the Tenth Circuit has not ruled on the issue, district courts in this Circuit have repeatedly held that the

---

[13] Dkt. 57.

[14] *See* dkt. 59; dkt. 60.

[15] *See* dkt. 61; dkt. 63. The issue of equitable tolling as applied to Weimer also features heavily in both parties' summary judgment briefing. And both parties' summary judgment briefing incorporates and cross-references their briefing on Plaintiffs' Motion for Equitable Tolling. Thus, in resolving Plaintiffs' Motion, the court considers all of the parties' arguments concerning equitable tolling—regardless of where they were briefed.

[16] Dkt. 62 at 6.

[17] Dkt. 61 at 3–4.

[18] *See* 29 U.S.C. § 256.

doctrine of equitable tolling is read into the FLSA.[19] Equitable tolling, however, requires reasonable diligence on behalf of the movant and is to be granted "sparingly."[20] In other contexts, the Tenth Circuit has held that equitable tolling is appropriate only "[1] when the defendant's conduct rises to the level of active deception; [2] where a plaintiff has been lulled into inaction by a defendant, and [3] if a plaintiff is actively misled or has in some extraordinary way been prevented from asserting his or her rights."[21]

Plaintiffs argue that Progrexion's prelitigation conduct lulled Weimer into inaction and prevented him from asserting his FLSA claim. Specifically, Plaintiffs point to Progrexion's failure to produce an arbitration agreement for Weimer, despite Progrexion's repeated representations that all Progrexion employees are subject to such an agreement.[22] It was not until Progrexion filed its Opposition to Plaintiffs' Motion for Equitable Tolling that Progrexion affirmatively stated for the first time that it did not have an arbitration agreement for Weimer.[23] According to Plaintiffs, "because [Progrexion] was in sole possession of Weimer's alleged arbitration agreement, Weimer was unable to file his arbitration demand or institute legal proceedings while waiting on [Progrexion] to produce his alleged arbitration agreements."[24]

As an initial matter, the court notes that, although Progrexion represented to Plaintiffs that it "requires every new employee to agree to substantially identical arbitration agreements as

---

[19] *See*, *e.g.*, *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012). Progrexion does not argue that equitable tolling is not available for FLSA claims.

[20] *Impact Energy Res., LLC v. Salazar*, 693 F.3d 1239, 1246 (10th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

[21] *Salazar*, 693 F.3d at 1246 (citation omitted).

[22] Dkt. 63 at 3.

[23] *See* dkt. 61.

[24] Dkt. 62 at 6.

4

a condition of employment," it is unclear—in context—whether that representation applied to Weimer.[25]  As Progrexion points out, it also represented that it rolled out its onboarding system—including the software containing the arbitration agreements—in October 2011, but Weimer began working for Progrexion in February 2011.[26]  Thus, it is unclear whether Progrexion's representation concerning all employees being subject to arbitration agreements applied to Weimer.  But even if it did, and Weimer was under the impression that Progrexion had a valid arbitration agreement for him, there is no evidence showing that Progrexion prevented him from asserting his rights under the FLSA in a way that would entitle him to equitable tolling.

Weimer executed a "Consent to Join Wage Claim" against Progrexion on August 12, 2019.[27]  In other words, Weimer was aware of his rights—and potential claims—under the FLSA at least as early as August 2019.  The record also shows that Plaintiffs' counsel did not request an arbitration agreement for Weimer until November 2019.[28]  That is, three months elapsed between Weimer acknowledging the existence of his FLSA claims and the first request for any arbitration agreement.  Additionally, Weimer did not file his consent, which was signed in August 2019, until March 20, 2020—more than one month after Plaintiffs filed this case.  Under these facts, the court concludes equitable tolling is not appropriate.

The cases Plaintiffs cite in support of their Motion demonstrate as much.  For example, in *Stransky v. HealthONE*, the court applied equitable tolling where the defendant was in sole possession of the opt-in plaintiffs' information, which was necessary to distribute notice of the

---

[25] Dkt. 63 at 3.

[26] Dkt. 64 at 8.

[27] Dkt. 9-25.

[28] *See* dkt. 63 at 4.

5

pending collective class action.[29] The court concluded equitable tolling was appropriate because the defendant was in sole control of the information that would permit the opt-in plaintiffs to learn of their claims against the defendant.[30] And in *Felps v. Mewbourne Oil Company*, the court held that equitable tolling was appropriate based on a "delay in th[e] Court's decision-making process, occasioned by its busy docket."[31] The court concluded equitable tolling was warranted because the plaintiff had diligently pursued his claims and the court's delay was "'beyond' the control of Plaintiff and the potential class members."[32]

The facts of this case differ from the facts of *Stransky* and *Felps* in a number of material ways. Most notably, Weimer was aware of his claim in August 2019 and therefore it cannot be said that Progrexion was in sole possession of information that would inform Weimer of his claim, as was the case with the defendant in *Stransky*. And contrary to *Felps*, the delays in this case were not entirely beyond the control of Weimer.[33] Even if Weimer were waiting for Progrexion to produce an arbitration agreement, nothing prevented him from filing a claim in this court.[34]

In short, this case does not clear the high bar required for equitable tolling. Although there appears to have been—at the very least—confusion about whether Weimer was subject to

---

[29] 868 F. Supp. 2d. at 1181–82.

[30] *Id.*

[31] No. 18-811 MV/GJF, 2020 WL 2520136, at *5 (D.N.M. May 18, 2020).

[32] *Id.*

[33] *See also Ordonez v. Canyons Sch. Dist.*, Case No. 2:13-cv-245-DAK-EJF, 2016 WL 5415663, at *10 (D. Utah Sep. 28, 2016) ("[C]ourts should rarely engage in equitable tolling and likely *only when the failure to meet the deadline fell outside of the litigant's control*." (emphasis added)).

[34] Indeed, Plaintiffs filed their claims despite not having received arbitration agreements from Progrexion yet. *See* dkt. 57 at 2 ("Because Defendant both (1) refused to provide the arbitration agreements at issue, and (b) refused to agree to toll the statute of limitations for those Plaintiffs waiting for production of the alleged arbitration agreements, Plaintiffs were forced to file this legal action on February 19, 2020, to preserve any remaining statutes of limitations and to have the ability to vindicate their legal rights.").

6

an arbitration agreement, nothing prevented Weimer from filing a claim. Indeed, Progrexion was not in sole possession of information that would inform Weimer of his claims. To the contrary, Weimer was aware of his potential claims and could have filed them in this court. Nor were any delays in filing—both filing of this lawsuit and filing of Weimer's consent—beyond the control of Weimer. Thus, the court concludes equitable tolling is not warranted and Plaintiffs' Motion for Equitable Tolling is DENIED.

## II. PROGREXION'S MOTION FOR SUMMARY JUDGMENT

On April 20, 2020, Progrexion filed a Motion to Dismiss, in which it argued—among other things—that Weimer's FLSA claims were untimely under the applicable statute of limitations.[35] In support of this argument, Progrexion submitted a declaration from Jamie Martinez—a custodian of records with Progrexion—who declared that Weimer's last date of employment with Progrexion was February 6, 2017.[36] Because the declaration was a matter outside of the pleadings, the court—pursuant to Rule 12(d)—converted the portion of Progrexion's Motion to Dismiss concerning Weimer to Dismiss to a Motion for Summary Judgment.[37] On September 8, 2020, Plaintiffs timely filed an Opposition to Progrexion's Motion for Summary Judgment[38] and, on September 22, 2020, Progrexion timely filed a Reply in support of its Motion.[39] Having considered the parties' briefing, the court concludes Progrexion is entitled to summary judgment on Weimer's claims.

---

[35] Dkt. 21 at 2. Progrexion's Motion also sought dismissal of other opt-in plaintiffs' claims. Dkt. 21 at 2. As explained above, the court has since dismissed those plaintiffs' claims, and only Weimer's claim remains.

[36] Dkt. 21-1.

[37] Dkt. 59 at 25.

[38] Dkt. 62.

[39] Dkt. 64.

7

Summary judgment is appropriate when "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law."[40] A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[41] Under this standard, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party."[42]

Actions brought under the FLSA for unpaid overtime wages are subject to a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."[43] Thus, the maximum possible statute of limitations under the FLSA is three years. In the case of an opt-in plaintiff in an FLSA collective class action, the cause of action is considered to be commenced on the date on which the plaintiff files his consent with the court.[44]

Progrexion argues Weimer's claims are time-barred because his last day of employment was February 6, 2017, and his consent was not filed until March 20, 2020—three years and six weeks after his last date of employment.[45] In response, Plaintiffs do not dispute that Weimer's claims were filed outside the three-year statute of limitations period. Instead, Plaintiffs argue the court should not grant summary judgment in Progrexion's favor because: (1) Weimer's claims

---

[40] Fed. R. Civ. P. 56(a).

[41] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[42] *Pirkheim v. First Unum Life Ins.*, 229 F.3d 1008, 1010 (10th Cir. 2000).

[43] 29 U.S.C. § 255(a).

[44] 29 U.S.C. § 256(b).

[45] Dkt. 21 at 5–6.

should be equitably tolled and (2) a dispute of material fact exists as to whether Weimer's claims are subject to an arbitration agreement.[46] Both of Plaintiffs' arguments fall short.

As an initial matter, the court has already concluded above that Weimer's claims are not subject to equitable tolling. Additionally, the court finds that no genuine dispute of material fact exists as to whether Weimer's claims are subject to an arbitration agreement. Plaintiffs argue that Progrexion "has never unambiguously admitted that Weimer is not subject to an arbitration agreement" and therefore a dispute of material fact exists.[47] But Plaintiffs' argument misses the mark. In its Opposition to Plaintiffs' Motion for Equitable Tolling, Progrexion did unambiguously admit that it does not have an arbitration agreement for Weimer.[48] And Progrexion reaffirmed this fact in its Reply in Support of its Motion for Summary Judgment.[49] Thus, the court concludes that no genuine dispute of material fact exists as to whether Weimer's claims are subject to an arbitration agreement.

In sum, Weimer's claims were filed outside the three-year statute of limitations period, and Plaintiffs have not shown that Weimer's claims are subject to equitable tolling. Nor have Plaintiffs demonstrated that a genuine dispute of material fact exists that would preclude this court from ruling on Progrexion's Motion for Summary Judgment. As a result, Weimer's claims are untimely, and summary judgment is GRANTED in Progrexion's favor on this issue.

---

[46] Dkt. 62 at 5–9.

[47] Dkt. 62 at 8.

[48] Dkt. 61 at 5 ("Progrexion does not have an arbitration agreement for Weimer, so Plaintiffs essentially ask for tolling to continue for an indefinite period of time because Progrexion cannot produce an arbitration agreement that it does not have.").

[49] Dkt. 64 at 8.

### III. PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

On May 19, 2020, Plaintiffs filed a Motion for Conditional Class Certification and Notice to the Putative Class Members, seeking conditional certification of their class action and the issuance of notice to all putative class plaintiffs.[50] As explained above, the court dismissed Plaintiffs' claims on August 11, 2020.[51] And now having dismissed Weimer's claims as untimely, all opt-in plaintiffs' claims have also been dismissed. Thus, no plaintiff remains in this action. As a result, the court now DENIES Plaintiffs' Motion for Conditional Class Certification as moot.

### CONCLUSION

For the reasons explained above:

1. Plaintiffs' Motion for Equitable Tolling is DENIED;[52]

2. Progrexion's Motion for Summary Judgment is GRANTED,[53] and Weimer's claims are dismissed; and

3. Plaintiff's Motion for Conditional Class Certification is DENIED as moot.[54]

The Clerk of Court is directed to close this case.

**SO ORDERED** this 29th day of September 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[50] Dkt. 37.

[51] Dkt. 59.

[52] Dkt. 57.

[53] Dkt. 21.

[54] Dkt. 37.